914 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lamont James MILLER, Plaintiff-Appellant,
v.
Raymond T. TOOMBS; Pete Vidor; Raymond Palmer; Donald
Mason; Z. Tyskiewicz; Weber; Frank Williams;
Carmen Palmer; Gregory McQuiggin; B.
Mowatt, Defendants-Appellees.
 No. 89-2340.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges; and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Lamont James Miller, a Michigan prisoner proceeding pro se, appeals from the judgment of the district court dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, injunctive and declaratory relief, Miller alleged that his constitutional rights were violated as a result of his being restrained to the top of his bed for forty-eight hours and being on full restraint status for forty-eight hours. The defendants are employees of Michigan's Ionia Maximum Correctional Facility.
 
 
 3
 The district court granted defendants' motion for summary judgment. The court concluded that the placement of Miller on top-of-bed restraint and full restraint status was reasonable under the circumstances and that Miller's assertion of a state law claim should be heard in state court. Miller appeals, alleging that the district court erred and abused its discretion.
 
 
 4
 Upon de novo review, see Burkart v. Post-Browning, Inc., 859 F.2d 1245, 1249 (6th Cir.1988), petition for certiorari filed (January 17, 1989), we find no error. The imposition of restraint status was reasonable under the circumstances, and Miller cannot produce any proof that defendants' conduct was wanton, amounting to a knowing willingness that pain result. Whitley v. Albers, 475 U.S. 312, 321-22 (1986).
 
 
 5
 Accordingly, inasmuch as there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law, the judgment of the district court is hereby affirmed for the reasons set forth in the district court's opinion dated November 17, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.